**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**

**DENISE KINMAN**
**P.O. Box 364**
**Dry Ridge, KY  41035,**

                                        Civil Action No. _____

                          **Plaintiff**

**v.**

**REVENUE MANAGEMENT**
**CONSULTING GROUP**
**2900 Delk Road**
**PMB 222**
**Marietta, GA  30067**

        **SERVE:  Roderick Ball, Process Agent**
                      **1597 Sandpoint Drive NE**
                      **Roswell, GA  30075**

**and**                                  **COMPLAINT**

**GOLDBERG ASSOCIATES, INC.**

        **SERVE:  Blumbergexcelsior Corporate**
                      **Services, Inc.**
                      **1013 Centre Road, Suite 403S**
                      **Wilmington, DE  19805**

**and**

**ATRADIUS COLLECTIONS, INC. a/k/a**
**ACI a/k/a IFG**
**Arlington Heights Road #410**
**Itasca, IL  60143**

        **SERVE:  Donalynn Johnson, Process**
                      **Agent**
                      **1200 Arlington Heights Road**
                      **Suite 410**
                      **Itasca, IL  60143**

**and**

**HARRIS & HARRIS OF ILLINOIS, LTD.**
**111 West Jackson Blvd., Suite 400**
**Chicago, IL  60604**

      **SERVE:  MS Registered Agent Services**
               **191 N. Wacker Drive**
               **Ste. 1800**
               **Chicago, IL  60606**

**and**

**GLOBAL WELLNESS SOLUTIONS, LLC**
**d/b/a MORTGAGE COMPLIANCE**
**INVESTIGATORS d/b/a MORTGAGE**
**COMPLIANCE INVESTIGATORS, LLC**
**d/b/a MCI**
**871 Coronado Center Drive, #200**
**Henderson, NV 89052**

      **SERVE:  Registered Agents of**
               **America, Inc.**
               **311 West Third Street**
               **Carson City, NV 89703**

**and**

**ADVANCED CHECK PROCESSING, LLC**
**a/k/a CHECK PROCESSING, LLC a/k/a**
**ACP**
**1436 Arlingwood Avenue**
**Jacksonville, FL  32211**

**and**

**NATIONAL CREDIT SOLUTIONS, LLC**
**d/b/a NCS**
**3680 E. I-240 Service Road**
**Oklahoma City, OK 73135**

                    **Defendants**

      Now comes the Plaintiff, Denise Kinman, by and through counsel, and for her Complaint

against Defendants states as follows:

2

## PARTIES

1.      Plaintiff, Denise Kinman, is an individual citizen of the Commonwealth of Kentucky, residing in Grant County, Kentucky.

2.      Defendant, Revenue Management Consulting Group (hereinafter referred to as "RMCG"), is a corporation organized and existing under the laws of the State of Georgia, with its principal state of business in the State of Georgia.  Said Defendant is a "debt collector" as that term is defined in 15 U.S.C. §1692(a)(6).

3.      Defendant, Goldberg Associates,. Inc. (hereinafter referred to as "Goldberg Associates"), is a corporation organized and existing under the laws of the State of Delaware, with its principal state of business in the State of Delaware.  Said Defendant is a "debt collector" as that terms is defined in 15 U.S.C. §1692(a)(6).

4.      Defendant,  Atradius Collections, Inc. a/k/a IFG (herein after referred to as "ACI"), is a corporation organized and existing under the laws of the State of Illinois, with its principal state of business in the State of Illinois.  Said Defendant is a "debt collector" as defined in 15 U.S.C. §1692(A)(6).

5.      Defendant,  Harris & Harris of Illinois, Ltd., (herein after referred to as "Harris & Harris"), is a corporation organized and existing under the laws of the State of Illinois, with its principal state of business in the State of Illinois.  Said Defendant is a "debt collector" as that terms is defined in 15 U.S.C. §1692(a)(6).  Said Defendant also does business under the name "IFG."

6.      Defendant, Global Wellness Solutions, LLC d/b/a Mortgage Compliance Investigators d/b/a Mortgage Compliance Investigators, LLC d/b/a MCI (herein after referred to as "MCI") is a corporation organized and existing under the laws of the State of Nevada, with its

3

principal state of business in the State of Nevada. Said Defendant is a "debt collector" as that

term is defined in 15 U.S.C. §1692(a)(6). Said Defendant does business under various names,

including "Mortgage Compliance Investigators," "Mortgage Compliance Investigators, LLC,"

and "MCI."

7.      Defendant, Advanced Check Processing, LLC a/k/a Check Processing, LLC a/k/a/

ACP (herein after referred to as "ACP") is a corporation believed to be organized and existing

under the laws of the State of Florida, with its principal state of business in the State of Florida.

Said Defendant is a "debt collector" as the terms is defined in 15 U.S.C. §1692(a)(6).  Said

Defendant does business under various names, including, "Check Processing, LLC" and "ACP."

8.      Defendant, National Credit Solutions, LLC d/b/a NCS (hereinafter referred to as

"NCS") is a corporation believed to be organized and existing under the laws of the State of

Oklahoma, with its principal state of business in the State of Oklahoma.  Said Defendant is a

"debt collector" as that term is defined in 15 U.S.C. §1692(a)(6)

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333, in that a

question of federal law is involved.

10.     This Court is the proper venue of this action, in that the facts and circumstances

giving rise to this case arose, in whole or in part, in this judicial district, Defendants do business

in this judicial district, and Plaintiff is a resident of this judicial district.

## STATEMENT OF FACTS

11.     Plaintiff, Denise Kinman, borrowed the sum of $366 from a Check 'n Go in 2009.

12.     Since that time, Plaintiff has been contacted by numerous debt collectors,

including the above named Defendant, relative to said Check 'n Go account.

13.     Each and every debt collector identified herein, has contacted Plaintiff pertaining to said account to demand payment thereof.

14.     Plaintiff, however, had paid in full this account prior to contact by any of the Defendants herein.  In fact, Plaintiff has paid this account in full on more than one occasion, simply to obtain relief from the constant harassment from debt collectors.

15.     Specifically, Plaintiff paid the sum of $1,300 to settle the Check n Go debt and then paid $604.12 to a firm known as Weinberg, Cochran & Irwin, on or about February 15, 2012.  Further, Plaintiff paid the sum of $394.08 to a firm known as Berlinski, Huffman & Levitt on or about December 23, 2013.  Further, Defendant, ACP, acknowledged the debt was paid in full on or about December 27, 2013.  Nonetheless, thereafter, Plaintiff paid Defendant, NCS, the sum of $300 as payment on or about March 5, 2014.

## FACTS SPECIFIC TO RMCG

16.     On or about March 11, 2014, Defendant, RMCG, left a message on Plaintiff's telephone as follows:

> This call is coming from RMCG in reference to a legal complaint for fraud.  It would behoove you to call us within 24 hours to prevent the adverse legal action pursuant to federal law 95-109.  Please hit the 9 key to speak to an asset investigator now or dial us back at 678-723-2023, immediately to avoid probable civil and/or criminal charges.

17.     Then, on or about March 14, 2014, Defendant RMCG left a message on Plaintiff's telephone as follows:

> This call is from the firm of RMCG in reference to a legal complaint for fraud.  It would behoove you to call us within 24 hours to prevent the adverse legal action pursuant to federal law 95-109.  Please hit the 9 key to speak to an asset investigator now or dial us back at 678-723-2023, immediately to avoid probable civil and/or criminal charges.

5

## FACTS SPECIFIC TO GOLDBERG ASSOCIATES

18.     In May 2014, Defendant, Goldberg Associates, left messages with Plaintiff,

Denise Kinman, as follows:

Message 1:

> This message is intended for Denise M. Kinman.  I received a fax order regarding your civil complaint that was filed against you.  I have been retained to serve you with documents to appear in Court, either at your residence or your place of employment.  If you have any questions or concerns about the complaint, or wish to rectify the matter outside of Court before you are served, you need to call 302-861-5032.  When calling, please reference your case number, BR11800.  You have officially been notified.

Message 2

> ...call 302-861-5032.  When calling, please reference your case number BR11800.  You have officially been notified.  This message is intended for Denise M. Kinman.  I received a fax order regarding your civil complaint that was filed against you.  I have been retained to serve you with documents to appear in court either at your residence or your place of employment.  If you have any questions or concerns about the complaint, or with to rectify the matter outside of court before you are served, you need to call 302-861-5032.  When calling, please reference your case number.  You have officially been notified.

Message 3

> This message is intended for Denise M. Kinman.  I received a fax order regarding your civil complaint that was filed against you.  I have been retained to serve you with documents to appear in court either at your residence or your place of employment.  If you have any questions or concerns about the complaint, or wish to rectify the matter outside of court before you are served, you need to call 302-861-5032.  When calling, please reference your case number BR11800.  You have officially been notified.

19.     No complaint was ever filed against Plaintiff.

## FACTS SPECIFIC TO ACI

20.     On or about April 9, 2014, Defendant, ACI, left a message, by and through its employee, Terry Lewis, concerning the alleged debt.  In said message, said Defendant  indicated it merely needed to speak with Plaintiff pertaining to "an issue."  Said Defendant gave no further information regarding the purpose of the call or the identity  of the caller.

## FACTS SPECIFIC TO HARRIS & HARRIS

21.     In April and May 2014, Defendant, Harris & Harris, contacted Plaintiff's telephone and left a message identifying itself as a "debt collector" and requesting a return phone call.  No further information was provided in said message regarding the purpose of the call or the identity of the caller.

22.     Moreover, Defendant Harris & Harris contacted Plaintiff's sister, Deanna Green. In said communication, Defendant did not merely seek identifying information but, rather, identified itself as a debt collector seeking to collect a debt allegedly owed by Plaintiff.

## FACTS SPECIFIC TO MCI

23.     In April and May 2014, Defendant, MCI, left a message with Plaintiff stating "Please contact your local administrator to stop legal action."

24.     Said Defendant provided no further information pertaining to itself, its identity or the alleged debt.

## FACTS SPECIFIC TO ACP

25.     In April and May 2014,  Defendant, ACP, left a message with Plaintiff, relative to collection of a debt.  Defendant failed to provide any identifying information, merely stating "we are a debt collector."

## FACTS SPECIFIC TO NCS

26.     In late 2013,  Defendant, NCS, left a message with Plaintiff, relative to collection of a debt.   Defendant failed to provide any identifying information or other information pertaining to itself or the alleged debt.

## COUNT I

27.     Plaintiff incorporates herein, as thought fully set out, Paragraphs 1 through 26 of this Complaint.

28.     Defendant RMCG violated the Fair Debt Collection Practices Act in the following ways:

    a.  Defendant, by and through its agent, identified itself as "RMCG" which is not a "meaningful disclosure" of the caller's identity, which violates §1692d(6);

    b.  In both messages Defendant threatened criminal charges against Plaintiff, which violates §1692d(1), §1692e(5) and §1692e(7);

    c.  The claimed debt has been paid on numerous occasions and, therefore, the insistence upon collection of the debt is a false and misleading representation in violation of 15 U.S.C. §1692e;

    d.  Defendant's threat to pursue criminal changes, which is a threat to have Plaintiff arrested, is in violation of 15 U.S.C. §1692e;

    e.  Threatening to file criminal charges when there is no legal basis for making such threat is, likewise, a violation of 15 U.S.C. §1692e;

    f.  In Defendant's initial communications, it failed to disclose that it was a debt collector, that it was attempting to collect a debt, and that information obtained would be used for that purpose, in violation of 15 U.S.C. §1692e(11).

    g. Additionally, Defendant's representative did not use Defendant's full name, which is unlawful under 15 U.S.C. §1692e;

    h. Moreover, Defendant failed to provide validation as required by 15 U.S.C. §1692g.

## **COUNT II**

29.    Defendant, Goldberg Associates, violated the Fair Debt Collection Practices Act

in the following ways:

    a. Defendant failed to identify itself which is not a "meaningful disclosure" of the caller's identity, which violates §1692d(6);

    b. The claimed debt has been paid on numerous occasions and, therefore, the insistence upon collection of the debt is a false and misleading representation in violation of 15 U.S.C. §1692e(2);

    c. In Defendant's initial communications, it failed to disclose that it was a debt collector, that it was attempting to collect a debt, and that information obtained would be used for that purpose, in violation of 15 U.S.C. §1692e(11).

    d. Additionally, Defendant's representative did not use Defendant's full name, which is unlawful under 15 U.S.C. §1692e;

    e. Moreover, Defendant failed to provide validation as required by 15 U.S.C. §1692a.

    f. Defendant falsely represented that suit had been filed, when no suit had been filed, in violation of U.S.C. §1692g, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5); and 15 U.S.C. §1692e(10).

## **COUNT III**

30.    Defendant, ACI, violated the Fair Debt Collection Practices Act in the following

ways:

    a. Defendant failed to identify itself which is not a "meaningful disclosure" of the caller's identity, which violates §1692d(6);

b.  The claimed debt has been paid on numerous occasions and, therefore, the insistence upon collection of the debt is a false and misleading representation in violation of 15 U.S.C. §1692e(2);

c.  In Defendant's initial communications, it failed to disclose that it was a debt collector, that it was attempting to collect a debt, and that information obtained would be used for that purpose, in violation of 15 U.S.C. §1692e(11).

d.  Additionally, Defendant's representative did not use Defendant's full name, which is unlawful under 15 U.S.C. §1692e;

e.  Moreover, Defendant failed to provide validation as required by 15 U.S.C. §1692g.

## COUNT IV

31.    Defendant, Harris & Harris, violated the Fair Debt Collection Practices Act in the following ways:

a.  Defendant failed to identify itself which is not a "meaningful disclosure" of the caller's identity, which violates §1692d(6);

b.  In Defendant's initial communications, it failed to disclose that it was a debt collector, that it was attempting to collect a debt, and that information obtained would be used for that purpose, in violation of 15 U.S.C. §1692e(11).

c.  Additionally, Defendant did not use its full name, which is unlawful under 15 U.S.C. §1692e;

d.  Moreover, Defendant Harris & Harris  violated 15 U.S.C. §1692c(b) and §1692b by contacting a third party, Deanna Green, and identifying itself as a debt collector.  Said communication exceeds the permissible bounds of the Fair Debt Collection Practices Act.

## COUNT V

32.    Defendant, MCI, violated the Fair Debt Collection Practices Act in the following ways:

    a.  Defendant identified itself as MCI which is not a "meaningful disclosure" of the caller's identity, which violates §1692d(6);

    b.  The debt has been paid on numerous occasions and, therefore, the insistence upon collection of the debt is a false and misleading representation in violation of 15 U.S.C. §1692e;

    c.  In Defendant's initial communications, it failed to disclose that it was a debt collector, that it was attempting to collect a debt, and that information obtained would be used for that purpose, in violation of 15 U.S.C. §1692e(11).

    d.  Additionally, Defendant did not use its full name, which is unlawful under 15 U.S.C. §1692e;

    e.  Moreover, Defendant failed to provide validation as required by 15 U.S.C. §1692g.

    f.  Defendant falsely represent that legal action had been or would be filed, which violates 15 U.S.C. §1692e.

## <u>COUNT VI</u>

33.    Defendant, ACI, violated the Fair Debt Collection Practices Act in the following ways:

    a.  Defendant failed to identify itself which is not a "meaningful disclosure" of the caller's identity, which violates §1692d(6);

    b.  The debt has been paid on numerous occasions and, therefore, the insistence upon collection of the debt is a false and misleading representation in violation of 15 U.S.C. §1692e;

    c.  In Defendant's initial communications, it failed to disclose that it was a debt collector, that it was attempting to collect a debt, and that information obtained would be used for that purpose, in violation of 15 U.S.C. §1692e(11).

    d.  Additionally, Defendant did not use its full name, which is unlawful under 15 U.S.C. §1692e;

    e.  Moreover, Defendant failed to provide validation as required by 15 U.S.C. §1692g.

## COUNT VII

34.    Defendant, NCS, violated the Fair Debt Collection Practices Act in the following ways:

a. Defendant failed to identify itself which is not a "meaningful disclosure" of the caller's identity, which violates §1692d(6);

b. The debt has been paid on numerous occasions and, therefore, the insistence upon collection of the debt is a false and misleading representation in violation of 15 U.S.C. §1692e;

c. In Defendant's initial communications, it failed to disclose that it was a debt collector, that it was attempting to collect a debt, and that information obtained would be used for that purpose, in violation of 15 U.S.C. §1692e(11).

d. Additionally, Defendant did not use its full name, which is unlawful under 15 U.S.C. §1692e;

e. Moreover, Defendant failed to provide validation as required by 15 U.S.C. §1692g.

WHEREFORE, Plaintiff demands judgment as follows:

A.    For judgment against Defendant, RMCG, in the amount of actual damages sustained, or $1,000 per violation as provided by 15 U.S.C. §1692K (1) and (2), the costs of this action, reasonable attorneys' fees incurred herein, and an injunction prohibiting further communication from said Defendant to Plaintiff.

B.    For judgment against Defendant, Goldberg Associates, in the amount of actual damages sustained, or $1,000 per violation as provided by 15 U.S.C. §1692K (1) and (2), the costs of this action, reasonable attorneys' fees incurred herein, and an injunction prohibiting further communication from said Defendant to Plaintiff.

C.    For judgment against Defendant, ACI, in the amount of actual damages sustained, or $1,000 per violation as provided by 15 U.S.C. §1692K (1) and (2), the costs of this action,

reasonable attorneys' fees incurred herein, and an injunction prohibiting further communication from said Defendant to Plaintiff Atradius Collections, Inc.

D.      For judgment against Defendant, Harris & Harris, in the amount of actual damages sustained, or $1,000 per violation as provided by 15 U.S.C. §1692K (1) and (2),  the costs of this action, reasonable attorneys' fees incurred herein, and an injunction prohibiting further communication from said Defendant to Plaintiff.

E.      For judgment against Defendant, MCI, in the amount of actual damages sustained, or $1,000 per violation as provided by 15 U.S.C. §1692K (1) and (2), the costs of this action, reasonable attorneys' fees incurred herein, and an injunction prohibiting further communication from said Defendant to Plaintiff.

F.      For judgment against Defendant, ACP, in the amount of actual damages sustained, or $1,000 per violation as provided by 15 §1692K (1) and (2), the costs of this action, reasonable attorneys' fees incurred herein, and an injunction prohibiting further communication from said Defendant to Plaintiff.

G.      For judgment against Defendant, NCS, in the amount of actual damages sustained, or $1,000 per violation as provided by 15 U.S.C. §1692K (1) and (2), the costs of this action, reasonable attorneys' fees incurred herein, and an injunction prohibiting further communication from said Defendant to Plaintiff.

H.      For all other relief to which Plaintiff may appear entitled.

Respectfully submitted,

_____
Randy J. Blankenship          KBA #81924
Blankenship, Massey & Associates, PLLC
504 Erlanger Road
Erlanger, KY  41018
(859) 426-9000
rblankenship@nkylawyers.com
***Attorney for Plaintiff, Denise Kinman***